**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1745
_____

LESLIE EVANS-SAMPSON,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES;
KEYSTONE FAMILY HEALTH PLAN; VISTA HEALTHPLAN, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 20-cv-00653)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2020
Before:  GREENAWAY, Jr., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed December 14, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Leslie Evans-Sampson appeals the District Court's order dismissing her complaint. For the reasons below, we will affirm.

In February 2020, Evans-Sampson filed a complaint against the Pennsylvania Department of Human Services ("Department"), her health insurance company, and the health plan had she enrolled in. She was unhappy with the number of home health aide hours that the insurance company provided her pursuant to coverage paid for by the Department. She was also dissatisfied with their delay in responding to her questions and concerns. The District Court dismissed the complaint before service, concluding that the Department was entitled to Eleventh Amendment immunity and that Evans-Sampson had not shown that the insurance company and health plan were state actors. With respect to her allegations of criminal conduct, the District Court noted that she had no right to have any defendants charged criminally. It dismissed the federal claims with prejudice for failure to state a claim and the state claims without prejudice for lack of subject-matter jurisdiction. The District Court gave her thirty days to file an amended complaint regarding the state law claims and noted that if she failed to file an amended complaint, the matter would be dismissed without further notice for failure to prosecute. Evans-Sampson did not file an amended complaint and instead filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]  We agree with the District

Court's dismissal of Evans-Sampson's federal claims.  See Maliandi v. Montclair State

Univ., 845 F.3d 77, 82 (3d Cir. 2016) (reviewing de novo whether a party is entitled to

Eleventh Amendment immunity).  Under the Eleventh Amendment, a civil suit may not

be brought in federal court against a state, a state agency, or a state department,

regardless of the relief sought, unless the state waives its immunity from suit.  Pennhurst

State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Evans-Sampson argues on

appeal that the Eleventh Amendment does not bar her suit against the Department

because she is a citizen of Pennsylvania and the Eleventh Amendment only bars suits

against a state by citizens of another state.  However, the Supreme Court has held that

despite the limitations in the text of the Eleventh Amendment, a suit may not be brought

in a federal court by a citizen against her own state.  Hans v. Louisiana, 134 U.S. 1, 10-11

(1890).

We turn now to the claims against the insurance company and health plan.  We

need not decide whether they were state actors because even if they were, Evans-

---

[1] Where a District Court has dismissed a proceeding without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or the litigant declares an intention to stand on his pleading, whereupon the District Court's order becomes final.  Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam); see also Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019) ("a clear and unequivocal intent to decline amendment and immediately appeal that leaves no doubt or ambiguity can allow us to exercise jurisdiction.").  After being informed of this jurisdictional issue, Evans-Sampson filed a "Notice of Intention to Stand on Original Complaint."  She explicitly chose to stand on her complaint instead of amending it, so we

3

Sampson has failed to state a claim for the violation of due process.[2] Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (court may affirm on any ground supported by the record). In order to state a claim of the violation of the right to procedural due process, a litigant must allege that the Government deprived her of a protected interest in life, liberty, or property and that the deprivation occurred without due process. Burns v. Pa. Dep't. of Corr., 544 F.3d 279, 285 (3d Cir. 2008); see Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (fundamental requirements of due process are notice and opportunity to be heard).

The core of Evans-Sampson's complaint is that she felt she was entitled to more services than the insurance company approved.[3] She also believes that the company did not respond to her concerns quickly and thoroughly enough. In her complaint, Evan-Sampson gives a day-by-day, and sometimes hour-by-hour, breakdown of her communications with the insurance company between her initial interview for benefits on Friday, January 17 and her receiving the 13-page plan of care in the mail ten business

_____

have jurisdiction over the appeal.

[2] We construe the allegations in Evans-Sampson's complaint as raising claims that her rights to due process were violated.

[3] "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). We doubt, but will assume for the sake of argument, that Evans-Sampson had a protected interest in additional home health care aide hours.

days later on Saturday, February 1. Compl. at PDF pages 12-22.[4] She then filed her complaint in the District Court on Tuesday, February 4.

In her complaint, she argued that her rights to due process were denied when Appellees "instituted a medical gag,"[5] and "failed to provide Departmental decisions regarding her healthcare services/treatments from January 17, 2020 to February 1, 2020, outside of the timeframes allowed by the law." Thus, it appears that Evan-Sampson is challenging the time it took for her to receive the plan of care from the insurance company. She argues in her brief on appeal that due process entitles her to notice of the decision and a fair hearing. She acknowledges that she received the notice of her benefits

---

[4] On January 17, 2020, after an intake appointment, Trenise Palmer did not email the plan of care to Evans-Sampson right away. Evans-Sampson then sent several questions to Palmer who informed her she was off work and would get back to her after the holiday weekend. On January 21, Evans-Sampson emailed Palmer a plan of care that she had developed. On January 22, she emailed Palmer and asked that two more goals be added to the plan of care. The next day, she inquired whether her proposed plan of care was authorized. Palmer let her know that she would get back to her the next day. She also informed Evans-Sampson that she was entitled to 3 hours of home health services per day for a total of 21 hours a week. Evans-Sampson responded by asking to appeal and asking several detailed questions of Palmer. Later that night, she asked how to appeal to the Court of Common Pleas. Palmer responded the next morning on January 24 and stated that she would ask a management team to send Evan-Sampson the plan of care. Later that morning, Palmer informed her that she would need to get the plan of care before learning of her options. A few days later, Palmer pointed Evans-Sampson to the website for the Court of Common Pleas. Evans-Sampson noted in her complaint that she tried to file an appeal with the Court of Common Pleas but could not do so because she did not include a departmental decision. Evans-Sampson states that she received the plan of care in the mail on February 1. Three days later, on Feburary 4, she filed her complaint in the District Court.

[5] Evans-Sampson does not explain what "institut[ing] a medical gag" means. It appears

5

but believes that she was entitled to receive the notice of the plan of care earlier than she did.

Evans-Sampson then contends that she did not receive a fair hearing. However, at the time Evans-Sampson filed the complaint in the District Court, she had received the plan of care in the mail only a few days before.[6] She does not explain how she was denied a hearing in that short time period. While she states that her premature appeals to the Court of Common Pleas were rejected, she did not allege that she appealed to the Court of Common Pleas or filed any administrative appeal challenging the plan of care *after* she received it. On appeal, Evans-Sampson admits that if someone is dissatisfied with her care, she may file an appeal with the service. She cites to a document she submitted which describes how to challenge a denial of a service. She does not allege that she took any of these steps after receiving the plan of care. While she argues that she was denied a fair hearing, it appears that Evans-Sampson was simply not patient enough

_____

that she is referring to the Appellees' failure to send her the plan of care.
[6] Evans-Sampson notes that the Appellees should have rendered a decision on her appeal by February 23, 2020, thirty days after the appeal was filed. Thus, she did not wait for Appellees to address her appeal before filing in the District Court. In order to state a claim for failure to provide due process, a litigant must also have used any procedures available to challenge the deprivation, unless they were unavailable or inadequate. <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000). "A due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.' If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." <u>Id.</u> (citation omitted).

6

to wait to receive the plan of care and follow the process for appealing the insurance company's decision before filing her complaint in federal court.[7]

Nor has Evans-Sampson stated a claim for a violation of her right to substantive due process. In order to state such a claim, she needed to allege conduct that shocks the conscience. Cty of Sacramento v. Lewis, 523 U.S. 833, 847-49 (1998). She has not done so. The short delay here certainly does not shock the conscience. There is nothing in her description of events that causes concern.

With respect to Evans-Sampson's request that defendants be criminally prosecuted, an individual has no federal right to require the government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some selectivity in its enforcement of criminal laws). Because the District Court correctly dismissed all of Evans-Sampson's federal claims, it did not abuse its discretion in refusing to exercise supplemental jurisdiction over her state law claims. Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).

Evans-Sampson asks that the District Judge be recused. As we agree with the District Court under de novo review that Evans-Sampson's claims fail as a matter of law, we will not be remanding the matter, and there is no need for the District Judge to recuse

---

[7] While she argues on appeal that Appellees still refuse to acknowledge her appeal rights and she has never received a fair hearing, these allegations were not in her complaint, which she chose to stand on instead of amending.

7

herself. Finally, because Evans-Sampson's allegations fail to state a claim as a matter of law, the District Court did not err in dismissing her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) before service and before fact-finding.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. Appellant's motion to expand the record is denied.